## MORREAU GAS FIXTURE CO. v. COX.

### (Circuit Court, W. D. Washington, N. D.  April 14, 1908.)

### No. 1,411.

HUSBAND AND WIFE—PARTNERSHIP—LIABILITY OF WIFE AS PARTNER.

Defendant, a married woman, signed articles of partnership with another in a business previously established and conducted by such other and her husband. The interest in the business was in fact her husband's, and she invested no capital in it, and took no part in its management. The firm was afterward dissolved, and she signed another agreement, as purchaser of the partner's interest, to assume and pay the partnership debts. *Held*, that a creditor of the firm, who dealt with it as one in which her husband was the partner, with no knowledge that she had or professed to have any interest in it, could not recover from her after the bankruptcy of her husband, especially in view of the laws of the state, which gave her husband control of the community personal property, under which she could not practically become a partner without investing her separate property in the business.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 373.]

At Law.  Action against a married woman for the collection of money due from a firm of which the defendant is alleged to have been a member.  Findings and judgment for the defendant.

Peters & Powell, for plaintiff.
Shank & Smith, for defendant.

HANFORD, District Judge.  On the trial of this action, after both parties had concluded the introduction of evidence, a motion was made by each party for an instructed verdict, and, it then appearing to the court that the case must be decided on questions of law, the jury was discharged and the case taken under advisement.

The action is against a married woman for the collection of a debt contracted in the conduct of a retail mercantile business, which at the time was carried on by James S. Calderwood and the defendant's husband, under the firm name of Cox & Calderwood.  The business was started without any formal organization of a partnership, and after it had been going for a time written articles were signed by Calderwood and the defendant, whereby they declared themselves to be partners.  The defendant did not at any time invest any money in the business, nor did she, either before or after signing the articles, participate personally in the conduct of the business; but her husband was, at all times while the concern was going, active in the management as a partner or proprietor, and the plaintiff extended credit, in the belief that he was the responsible man in the business.  Calderwood severed his connection with the firm while it was in debt, and at the time of doing so he required the defendant to sign a document which purports to be an agreement to purchase his interest in the business and to assume and pay all the firm debts.  She also signed a notice, which was published in a newspaper, announcing that she assumed responsibility for the firm's debts.  The defendant's husband was left in full possession as sole manager of the business, and, being unable to pay the debts, he became a voluntary bankrupt.  All the com-

munity property of himself and wife, including the merchandise, store fixtures, and everything else pertaining to the business of Cox & Calderwood, was surrendered, and in due course of procedure he was granted a discharge from all his liabilities. The plaintiff, with full knowledge of the writings signed by the defendant above mentioned, appeared in the bankruptcy proceedings and proved its claim, on which a dividend was paid; and, after having received all that could be obtained from that source, this suit was brought to collect the balance of the debt, on the assumption that the defendant is legally liable on two grounds, viz.: (a) As an original principal debtor, by reason of having signed the articles of copartnership. (b) As successor of the firm of Cox & Calderwood, by reason of having signed the agreement to pay the debts of the firm.

The evidence proves that the several documents were signed by the defendant in compliance with requests made by her husband and Calderwood. The partnership agreement was a sham, intended to cover Mr. Cox's interest in the business, under the supposition that it would constitute a legal barrier to the levying of an execution on firm property for his personal debt. It effected no actual change in the relationship of the parties, or the rights of either, because they knew that there was no consideration to give it legal vitality and they intentionally ignored it. Neither the parties nor creditors were deceived. No person relied upon it in any transaction whatever. Therefore it created no estoppel, and it is void for the additional reason that the statutes of this state affecting the property rights of married persons make it impracticable for a married woman to become a member of a business copartnership, unless she makes a contribution to the firm's capital of money which is her separate estate. Money and property acquired by married persons, except by gift, devise, or descent, is community property, and to the husband is given the management and control of the community personal property. A husband's rights with respect to the community personal property are incompatible with the rights and obligations of a firm including his wife as a partner, for the reason that her proprietary interest, if not her separate property, would be legally under his control and management. Ballinger on Community Property, § 17, note 2.

The second document which the defendant signed was a sequence of the articles of copartnership. Calderwood exacted it as part of the consideration for relinquishment of his interest in the business, and the defendant signed it to accommodate her husband. She had no intention to supersede him in the control or responsibilities of the business. Liabilities might have attached in favor of creditors, if they had acted on the faith of her declarations; but the case must be decided according to the facts, and not controlled by mere possibilities, which did not become realities. The object intended to be accomplished by the writing was to abrogate the partnership agreement and to indemnify Calderwood against possible claims founded upon it. By its terms, expressed in the writing, the defendant's promise is restricted to the payment of the debts due by that firm of Cox & Calderwood, of which she was a member; that is to say, a firm which never had an actual or legal existence, and which never contracted any debt. The

principle that strangers to a contract, who are intended beneficiaries, may adopt it and enforce it, is not available to support this action, because the writing set up as a contract was not signed by the defendant for the plaintiff's benefit. 7 Am. & Eng. Enc. of Law (2d Ed.) 107; Sayward v. Dexter, Horton & Co., 72 Fed. 765, 19 C. C. A. 176.

It is the opinion of the court that the defendant is not indebted to the plaintiff, and that she is entitled to have the action dismissed, with costs. I direct that findings in accordance with this opinion be prepared for my signature, on which a judgment will be entered.